Cite as 2025 Ark. App. 278

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-24-697

| | |
|---|---|
| JEREMIAH DANIELS | Opinion Delivered May 7, 2025 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-23-1518] |
| V. | |
| STATE OF ARKANSAS | HONORABLE KAREN D. WHATLEY, JUDGE |
| APPELLEE | |
| | AFFIRMED |

**N. MARK KLAPPENBACH, Chief Judge**

Jeremiah Daniels appeals his conviction following a bench trial for aggravated assault on a family member.[1] Appellant contends that there is insufficient evidence to support his conviction. We affirm.

This case concerns an incident between estranged spouses who were in a custody dispute. Appellant and his estranged wife, Mariah Sporer, attended a parent-teacher conference at a Jacksonville charter school for their seven-year-old daughter. As they were leaving, appellant started yelling at Ms. Sporer, he picked up their daughter, and he said that he was taking her, although Ms. Sporer was supposed to have custody that night. Ms. Sporer chased him out to the parking lot. Appellant continued to yell at Ms. Sporer as he put their

---

[1]Appellant was acquitted of third-degree domestic battery.

daughter down. Appellant then hit Ms. Sporer on the side of her head with his fist, knocking her glasses off. Ms. Sporer instructed their daughter to return inside the school.

Appellant got in his car in the school's small parking lot. Ms. Sporer remained outside the school on the sidewalk near the front-door awning. Ms. Sporer saw appellant in the driver's seat as he turned his vehicle's wheels toward her and accelerated the car toward her. She said it was a fast acceleration and that she had to run out of the way of the moving car.[2]

At Ms. Sporer's request, the school principal called the police. Another parent, Ki' Maya Mays, was at the school that evening. Ms. Mays saw a white male get into a silver or black Dodge Charger, back the vehicle up, turn the wheels toward Ms. Sporer, and drive toward Ms. Sporer at full speed before turning off and driving out of the parking lot. Ms. Mays did not know appellant or Ms. Sporer.

On appeal, appellant argues that all the State proved was that he accelerated down a one-way street, remaining in his lane of traffic, and left the school. He argues that there was no proof of how close his vehicle ever came to objects or people. Thus, he asserts, the State failed to prove that he acted with intent to create a substantial danger of death or serious physical injury. Appellant adds that Ms. Sporer's and Ms. Mays's testimonies were inconsistent, calling their credibility into question.

---

[2]Because it was dark outside, Ms. Sporer was unsure what kind of car appellant was driving (a Challenger or Charger), but she said it was silver. Appellant testified that he was driving a black Nissan Rogue.

The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the finding of guilt. *Watts v. State*, 2021 Ark. App. 115, 618 S.W.3d 458. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* We view the evidence in the light most favorable to the State and consider only the evidence that supports the judgment. *Id.* We will not weigh the evidence or assess credibility because those are questions for the fact-finder. *Id.*

A criminal defendant's intent or state of mind is seldom apparent. *Benton v. State*, 2020 Ark. App. 223, 599 S.W.3d 353. One's intent or purpose ordinarily cannot be shown by direct evidence but may be inferred from the facts and circumstances. *Id.* The fact-finder is allowed to draw on common knowledge and experience to infer intent from the circumstances. *Id.* A presumption exists that a person intends the natural and probable consequences of his or her acts. *Burns v. State*, 2023 Ark. App. 309, 668 S.W.3d 566.

As charged in the present case, a person commits aggravated assault on a family or household member if, under circumstances manifesting extreme indifference to the value of human life, the person purposely engages in conduct that creates a substantial danger of death or serious physical injury to a family or household member. Ark. Code Ann. § 5-26-306(a)(1)(Repl. 2024). If a defendant purposely engaged in the prohibited conduct, that is sufficient; his intended result in doing so is irrelevant. *Flores v. State*, 2023 Ark. App. 440, 676 S.W.3d 294. Moreover, an automobile is a massive and powerful machine, and common sense tells us that such a machine is capable of inflicting death or serious physical

injury to pedestrians even at relatively low speeds. *Id.* Appellant did not have to be traveling at a high speed or out of control to create a danger of death or serious physical injury; use of a vehicle like a weapon, in a threatening way, may suffice. *Id.*

Viewing the evidence in the light most favorable to the State, the proof demonstrated that appellant was angry at Ms. Sporer, he struck her head and knocked off her glasses, he got into his car to leave school property, and he purposefully accelerated his vehicle toward Ms. Sporer as she stood outside the school. It is irrelevant that he did not actually strike her with the vehicle. Any discrepancy in witness testimony was for the circuit court to resolve in this bench trial, and the trier of fact is not required to believe a defendant's self-serving testimony. We hold that appellant has failed to demonstrate reversible error.

We affirm appellant's conviction for aggravated assault on a family or household member because it is supported by sufficient evidence.

Affirmed.

ABRAMSON and MURPHY, JJ., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.